IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHARLES SWIFT and ARNETTA SWIFT, | ) ) ) | 8:17CV368 |
| Plaintiffs, | ) ) ) | MEMORANDUM AND ORDER |
| v. | ) ) | |
| NEBRASKA FAMILY COOPERATIVE, STATE OF NEBRASKA, and ALL UNKNOWN JANE & JOHN DOE OPERATIVES, | ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiffs, Charles and Arnetta Swift, filed their Complaint (Filing No. 1) on October 5, 2017, and have since been granted leave to proceed in forma pauperis (Filing No. 5). The court now conducts an initial review of Plaintiffs' Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiffs allege their minor child was assaulted by another minor in a foster care setting. Plaintiffs seek to recover $100 million in damages from Nebraska Family Cooperative ("NFC"), the State of Nebraska, and unknown "operatives."

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that

fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Plaintiffs indicate their action is filed pursuant to 42 U.S.C. § 1983, which provides a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. As will be discussed below, there are several problems with Plaintiffs' Complaint.

**A. Eleventh Amendment Immunity**

The State of Nebraska is immune from suit in federal court in an action brought under 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989) ( "[A] State is not a 'person' within the meaning of § 1983 ... The Eleventh

Amendment bars ... suits [against States for alleged deprivations of civil liberties] unless the State has waived its immunity."). This action for damages can only proceed against NFC and persons who are sued in their individual capacities (as opposed to their official capacities, which would be equivalent to suing the State). Importantly, Plaintiffs will need to allege and prove that NFC and any other Defendants were acting under color of state law. See *West v. Atkins*, 487 U.S. 42, 49 (1988) ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'").

### B. Plaintiffs' Standing

Plaintiffs do not allege that they were deprived of any rights, privileges or immunities, or were injured in any way. It appears Plaintiffs are instead claiming that their minor child's constitutional rights were violated. "[P]arents lack standing to bring individual claims under § 1983 based solely upon deprivation of a child's constitutional rights." *Phillips ex rel. Green v. City of New York*, 453 F. Supp. 2d 690, 734 (S.D.N.Y. 2006). Plaintiffs might be able to sue in a representative capacity as the child's legal guardians. See Fed. R. Civ. P. 17(a)(1)(C) ("The following may sue in their own names without joining the person from whose benefit the action is brought: ... a guardian ...."), and (c)(1)(A) ("The following representatives may sue or defend on behalf of a minor or incompetent person: ... a general guardian ...."). Alternatively, they might be able to sue as their child's "next friends." See Fed. R. Civ. P. 17(c)(2). In either case, Plaintiffs will need to allege facts to show their authority to bring suit on behalf of the child.

### C. Substantive Due Process

Generally, the due process clause does not require the state to protect an individual against private violence. *Moore v. Briggs*, 381 F.3d 771, 773 (8th Cir. 2004). The state is required, however, to protect individuals who are in its custody or

are subjected to a state-created danger. *Hart v. City of Little Rock*, 432 F.3d 801, 805 (8th Cir. 2005); *Forrester v. Bass*, 397 F.3d 1047, 1057-58 (8th Cir. 2005). A custodial relationship is created when a child is placed in foster care. *Norfleet v. Arkansas Dept. of Human Servs.*, 989 F.2d 289, 293 (8th Cir. 1993); *James ex rel. James v. Friend*, 458 F.3d 726, 730 (8th Cir. 2006); *see also Phillips*, 453 F. Supp. 2d at 721 ("[C]hildren in foster care have a substantive due process right under the Fourteenth Amendment to protection from harm.") (internal quotation marks and citations omitted).

In the context of this custodial relationship, a substantive due process violation will be found to have occurred only if the official conduct or inaction is so egregious or outrageous that it is conscience-shocking. *Burton v. Richmond*, 370 F.3d 723, 729 (8th Cir. 2004). When deliberation is practical, the officials' conduct will not be found to be conscience-shocking unless the officials acted with deliberate indifference. *Moore*, 381 F.3d at 773. Deliberate indifference will be found only if the officials were aware of facts from which an inference could be drawn that a substantial risk of serious harm existed and the officials actually drew that inference. *Id.* at 773-74. Mere negligence or even recklessness by a public official is not enough to shock the judicial conscience. *S.S. v. McMullen*, 225 F.3d 960, 964 (8th Cir. 2000) (en banc).

Plaintiffs allege: "We repeatedly informed defendants then in physical control of our minor children that our child "A" [name redacted] was assaulted by "B" [name redacted] then in care with our progeny same foster home child "B" [name redacted] had hand guns and marijuana in home. NFC told childrens mater "GAL" that NFC didn't like Charles and ignored our warning also information from our attnry Matt that they didn't like Charles cause he had a big mouth... After assault on "A" [name redacted] about six months later we found out that "C" [name redacted][1] was raped by "B" [name redacted]." (Filing No. 1 at CM/ECF pp. 1-2) (spelling and punctuation as in original).

---

[1] "C" has a different surname from Plaintiffs and is not alleged to be their child.

These allegations fail to show that NFC had any information in advance of the alleged assault to suggest there was a substantial risk of harm to Plaintiffs' child. Although Plaintiffs claim NFC "ignored our warning," Plaintiffs only allege that they "repeatedly informed [NFC] that our child ... was assaulted." They do not allege that NFC knew about the guns and marijuana or, more importantly, about the alleged rape. Because the date and location of the rape are not alleged, it might not have occurred until six months after the alleged assault on Plaintiffs' child and might not have even been related to the foster home. In short, Plaintiffs' Complaint does not contain sufficient factual allegations to support a finding that NFC was deliberately indifferent to their child's safety.

## IV. CONCLUSION

Plaintiffs' Complaint fails to state a claim upon which relief can be granted and is therefore subject to summary dismissal under 28 U.S.C. §§ 1915(e)(2). However, on the court's own motion, Plaintiffs will be given 30 days in which to amend the Complaint to clearly state a claim upon which relief may be granted against NFC.

Accordingly,

IT IS ORDERED:

1. All claims alleged against the State of Nebraska are dismissed without prejudice, and it shall no longer be a party to this action.

2. On the court's own motion, the court will give Plaintiffs 30 days in which to file an Amended Complaint that states a claim on which relief may be granted against the remaining Defendants. Failure to file an Amended Complaint within 30 days will result in the court dismissing this case without further notice to Plaintiffs.

3. The clerk of the court is directed to set the following pro se case management deadline: November 20, 2017: check for amended complaint.

DATED this 19th day of October, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge