IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHARLES SWIFT and<br>ARNETTA SWIFT (nee HILL), | ) )<br>) | 8:17CV368 |
| Plaintiffs, | ) ) | MEMORANDUM<br>AND ORDER |
| v. | ) ) | |
| DEBORAH BARRETT and<br>ANGIE WILLIAMS, | ) )<br>) | |
| Defendants. | ) ) | |

Plaintiffs, Charles and Arnetta Swift, filed their Complaint (Filing No. 1) on October 5, 2017, alleging that a minor child of theirs was assaulted in a foster care setting. Plaintiffs requested that they recover $100 million in damages from Nebraska Family Cooperative ("NFC"), the State of Nebraska, and unknown "operatives."

After Plaintiffs were granted leave to proceed in forma pauperis, the court conducted an initial review of the Complaint to determine whether summary dismissal was appropriate under 28 U.S.C. § 1915(e)(2). In a Memorandum and Order entered on October 19, 2017 (Filing No. 6), the court dismissed the State of Nebraska as a Defendant based on Eleventh Amendment immunity and ruled that the Complaint failed to state a claim upon which relief can be granted against NFC. On its own motion, however, the court granted Plaintiffs leave to amend within 30 days.

On November 14, 2017, Plaintiffs filed an Amended Complaint (Filing No. 7), which no longer names NFC as a Defendant, but which instead is brought against two "NFC workers," Deborah Barrett and Angie Williams. The court now conducts an initial review of the Amended Complaint. For the reasons discussed below, the court concludes that the action should be dismissed without prejudice.

# I. SUMMARY OF AMENDED COMPLAINT

As an initial matter, the court notes that Plaintiffs' Amended Complaint contains the names and dates of birth of several minors. The Federal Rules of Civil Procedure require that such information be redacted, and that only a minor's initials and year of birth be provided. *See* Fed. R. Civ. P. 5.2(a). Plaintiffs' original Complaint also included the names of three minors, whom the court simply designated by the letters "A," "B," and "C" in its previous Memorandum and Order (Filing No. 6). The court will continue to use this alphabetical designation and will direct the clerk of the court to restrict access to the Complaint (Filing No. 1) and Amended Complaint (Filing No. 7) to parties of record and court users. *See* Fed. R. Civ. P. 5.2(e); NECivR 5.3(c); NEGenR 1.3(a)(1)(B)(ii).

Plaintiffs allege they were married on January 18, 2014, at which time Arnetta "still had all 5 of her kids in custody but they where [*sic*] living with the paternal Grandmother" while Arnetta was in a drug treatment center. It appears, however, that only four of the children were related to their caretaker grandmother. These four children include "A," a girl who was born in 2009. The other three children were born in 2007, 2008, and 2012. Their biological father is deceased. (Filing No. 7 at CM/ECF pp. 1-2, ¶¶ 1-2) Arnetta's fifth child, "C," is a daughter who was born in 2004 and has a different biological father. (Filing No. 7 at CM/ECF p. 2, ¶ 3) Charles claims to be "the legal father of all the children" by reason of his marriage to Arnetta. (Filing No. 7 at CM/ECF p. 2, ¶ 3) It appears Plaintiffs may also have a child of their own who was living with the caretaker, as Plaintiffs allege: "Our child ["D"] was walking down street alone ... [and] was given a fire cracker at age 1 and burned a hole in his chest." (Filing No. 7 at CM/ECF p. 3, ¶¶ 4, 5)

Plaintiffs allege that they "explained to defendants on more than one occasion at there [sic] family meetings that children weren't being properly cared for and need[ed] to be removed" from the home "[b]ecause of the series of events." (Filing No. 7 at CM/ECF p. 3, ¶ 3) In addition to the caretaker's alleged neglect involving

"D," it is claimed that two children were victims of violence. First, Plaintiffs allege: "Our daughter ["A"] was assaulted by ["B"]. (Filing No. 7 at CM/ECF p. 3, ¶ 6) "B" is a male of unknown age and parentage, who, according to the original Complaint, "was then in care with our progeny [in the] same foster home[.]" (Filing No. 1 at CM/ECF p. 1) Second, Plaintiffs allege: "After assault on ["A"] about 6 months later we found out that our daughter ["C"] was raped" by ["B"]. (Filing No. 7 at CM/ECF p. 4, ¶ 6) Plaintiffs do not allege when or where the rape occurred or whether Defendants had any knowledge of it.

Plaintiffs also fail to state when or where the alleged assault on "A" took place, or to provide any details about the incident. Plaintiffs only allege: "The defendants found out [b]y not only the plaintiffs but by the Visit worker and ["A"] herself. We repeatedly informed defendants in physical control of our minor child being assaulted, and they ... replied with, '["B"] didn't reside in the home[,'] ... [w]hich he did. We also ask[ed] on many occasions for children to be removed because ["B"] had hand guns and marijuana in the home." (Filing No. 7 at CM/ECF pp. 3-4, ¶ 6)

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

This action is filed pursuant to 42 U.S.C. § 1983, which provides a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. But Plaintiffs do not allege any facts to show they themselves were deprived of any rights, privileges or immunities. Although no specifically alleged, Plaintiffs instead appear to be asserting a constitutional claim on behalf of one or more of their children. *See, e.g.*, *Phillips ex rel. Green v. City of New York*, 453 F. Supp. 2d 690, 721 (S.D.N.Y. 2006) ("[C]hildren in foster care have a substantive due process right under the Fourteenth Amendment to protection from harm.") (internal quotation marks and citations omitted). Plaintiffs must understand that they cannot recover any damages for themselves by asserting such a claim. This is because "parents lack standing to bring individual claims under § 1983 based solely upon deprivation of a child's constitutional rights." *Phillips ex rel. Green v. City of New York*, 453 F. Supp. 2d 690, 734 (S.D.N.Y. 2006).

**A. Plaintiffs' Standing**

The court indicated in its previous Memorandum and Order that Plaintiffs might be able to sue in a representative capacity as guardians, *see* Fed. R. Civ. P. 17(a)(1)(C) and (c)(1)(A), or, alternatively, as "next friends," *see* Fed. R. Civ. P. 17(c)(2), if they could "allege facts to show their authority to bring suit on behalf of the child[ren]."

(Filing No. 6 at CM/ECF p. 3) Liberally construing the Amended Complaint, it appears that Arnetta Swift is the biological mother of six minor children, all of whom were placed in foster care. As a parent, she presumably would have authority to sue on behalf of her children for injuries sustained while they were in foster care. It also appears from the Amended Complaint that Charles Swift may be the biological father of one child and the stepfather of the other five children. Whether Charles has legal authority to file suit as a stepfather need not be determined at this time.

Even if Plaintiffs may be qualified to bring an action on behalf of their children under Rule 17, they cannot do so in a pro se capacity. "[I]t is well established that a pro se party may not represent others, even when it is a parent purporting to represent his minor children." *Behrens v. GMAC Mortg., LLC*, No. 8:13-CV-72, 2013 WL 6118415, at *4 (D. Neb. Nov. 21, 2013) (citing cases), *aff'd* 566 F. App'x 546 (8th Cir. 2014). "While there are some situations in which parents may bring pro se claims on behalf of their children—such as an application for Social Security benefits—no comparable exception has ever been recognized for a lawsuit based on § 1983 or general state tort law." *Stephenson v. Bruno*, No. 4:14CV3097, 2014 WL 5850837, at *4 (D. Neb. Nov. 12, 2014) (quoting *Nunley v. Erdmann*, No. C14-4016-MWB, 2014 WL 5020253, at *4 (N.D.Iowa Oct. 8, 2014) (internal quotation marks and citation omitted)). As further explained in *McNeil v. City of Omaha*, No. 8:07CV143, 2008 WL 312715, at *3 (D. Neb. Jan. 30, 2008) (quoting *Wolfe v. Johanns*, No. 8:00CV609, 2002 WL 475172, at *1-2 (D.Neb. Mar. 29, 2002)):

> [R]epresentative parties may not appear pro se on behalf of other litigants. In particular, a non-attorney parent may not appear pro se on behalf of a minor child. *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59 (2d Cir.1990). Accord *Devine v. Indian River County School Bd.*, 121 F.3d 576 (11th Cir.1997), [*overruled on other grounds by* Winkelman v. Parma City Sch. Dist., 550 U.S. 516 (2007)]. *Johns v. County of San Diego*, 114 F.3d 874 (9th Cir.1997); *OseiAfriyie v. Medical College of Pa.*, 937 F.2d 876 (3d Cir.1991). [ ] Courts have a duty to enforce this rule sua sponte, as it is designed to protect the legal interests of children. [ ] *Wenger v. Canastota Cent. School Dist.*, 146 F.3d 123, 125 (2d Cir.1998), [*overruled on other grounds by*

> *Winkelman*]..... [The non-attorney-parent plaintiff] may represent himself by virtue of 28 U.S.C. § 1654. However, he may not maintain a pro se action on behalf of [his minor child].

See also *Akins v. Schreiner*, No. 4:14CV3081, 2014 WL 3510107, at *2 (D. Neb. July 14, 2014) (holding on initial review of pro se complaint that plaintiff could not sue on behalf of his minor son); *Barfield v. Sheriff of Lancaster Cty.*, No. 8:09CV121, 2009 WL 1507665, at *1 (D. Neb. May 27, 2009) (holding that non-lawyer parent had no right to represent minor child and dismissing pro se complaint for lack of standing); *Buckley v. Dowdle*, No. 08-1005, 2009 WL 750122, at *1 (8th Cir. Mar. 24, 2009) (affirming dismissal of pro se complaint filed on behalf of plaintiff's minor daughter).

Because Plaintiffs do not claim that Defendants violated their constitutional rights, and because they cannot bring an action on behalf of their minor children without utilizing the services of an attorney, this action will be dismissed without prejudice. *See, e.g., Bower v. Springfield R-12 Sch. Dist.*, 263 F. App'x 542 (8th Cir. 2008) (holding that district court did not abuse its discretion in denying plaintiff's motion for appointed counsel and thus did not err in dismissing claims of plaintiff's minor children, as plaintiff was unable to represent them pro se; but also holding that the claims should have been dismissed without prejudice). Plaintiffs have not filed a motion for appointment of counsel, and the court finds no reason to appoint counsel on its own motion based on Plaintiffs' filings to date.

"Indigent civil litigants do not have a constitutional or statutory right to appointed counsel," *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), but "[t]he court *may request* an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis supplied). However, such appointments are rare. *See Peterson v. Nadler*, 452 F.2d 754, 757 (8th Cir. 1971), *abrogated on other grounds by Mallard v. U.S. Dist. Court for S. Dist. of Iowa,* 490 U.S. 296 (1989). "In ruling upon a motion for appointment of counsel, the district court may consider the merits of the claim, the plaintiff's efforts to obtain counsel, and the plaintiff's financial ability to retain an attorney." *Hale v. N. Little Rock Hous. Auth.*, 720 F.2d 996, 998 (8th Cir. 1983). Trial

courts have "broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *Davis*, 94 F.3d at 447.

Although Plaintiffs have demonstrated their lack of financial resources in being permitted to proceed in forma pauperis, this is not necessarily an obstacle to obtaining legal representation in a case such as this, which, if deemed meritorious, may be accepted by a lawyer on a contingent-fee basis (*i.e.*, the amount of the attorney's fee depends on the amount of damages awarded, if any). Reasonable attorney's fees are also recoverable by plaintiff in a successful § 1983 action. *See* 42 U.S.C. § 1988(b).

In the event Plaintiffs re-file this action without an attorney representing them, they will need to include in their complaint (or file as a separate motion) a request for appointment of counsel and explain what efforts they made to obtain counsel on their own. They will also need to include more facts in the complaint to demonstrate that any claims made on behalf of their children have merit.

### B. "Acting Under Color of State Law" Requirement

Plaintiffs were informed by the court in its previous Memorandum and Order that in order to state an actionable § 1983 claim they "will need to allege and prove that NFC and any other Defendants were acting under color of state law" (Filing No. 6 at CM/ECF p. 3). Plaintiffs were also told that "[t]he traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" (Filing No. 6 at CM/ECF p. 3) quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)) Despite this admonition, Plaintiffs have alleged no facts to show that the Defendants named in the Amended Complaint were acting under color of state law when then allegedly failed to protect Plaintiffs' children from harm. Indeed, it cannot be determined from Plaintiffs' pleadings what

involvement Defendants actually had in the alleged foster care arrangement. The Amended Complaint therefore fails to state a claim upon which relief can be granted.

### C. Substantive Due Process

The state is required to protect individuals who are in its custody or are subjected to a state-created danger. *Hart v. City of Little Rock*, 432 F.3d 801, 805 (8th Cir. 2005); *Forrester v. Bass*, 397 F.3d 1047, 1057-58 (8th Cir. 2005). A custodial relationship is created when a child is placed in foster care. *Norfleet v. Arkansas Dept. of Human Servs.*, 989 F.2d 289, 293 (8th Cir. 1993); *James ex rel. James v. Friend*, 458 F.3d 726, 730 (8th Cir. 2006). In the context of this custodial relationship, a substantive due process violation will be found to have occurred only if the official conduct or inaction is so egregious or outrageous that it is conscience-shocking. *Burton v. Richmond*, 370 F.3d 723, 729 (8th Cir. 2004).

When deliberation is practical, the officials' conduct will not be found to be conscience-shocking unless the officials acted with deliberate indifference. *Moore*, 381 F.3d at 773. Deliberate indifference will be found only if the officials were aware of facts from which an inference could be drawn that a substantial risk of serious harm existed and the officials actually drew that inference. *Id.* at 773-74. Mere negligence or even recklessness by a public official is not enough to shock the judicial conscience. *S.S. v. McMullen*, 225 F.3d 960, 964 (8th Cir. 2000) (en banc).

In its previous Memorandum and Order, the court determined that the factual allegations of the original Complaint were not sufficient to show that NFC was deliberately indifferent to the safety of child "A." (The court was unable to ascertain from the original Complaint that "C" was also Arnetta's daughter.) The court stated:

> These allegations fail to show that NFC had any information in advance of the alleged assault to suggest there was a substantial risk of harm to Plaintiffs' child. Although Plaintiffs claim NFC "ignored our warning," Plaintiffs only allege that they "repeatedly informed [NFC]

that our child ... was assaulted." They do not allege that NFC knew about the guns and marijuana or, more importantly, about the alleged rape. Because the date and location of the rape are not alleged, it might not have occurred until six months after the alleged assault on Plaintiffs' child and might not have even been related to the foster home. In short, Plaintiffs' Complaint does not contain sufficient factual allegations to support a finding that NFC was deliberately indifferent to their child's safety.

(Filing No. 6 at CM/ECF p. 5)

The Amended Complaint clarifies to some extent Plaintiffs' relationship to the children and their caretaker, but it does not shed any additional light on the central issue of whether Defendants were "deliberately indifferent" to the children's safety. That is to say, it cannot be determined from the few facts alleged that either of the Defendants named in the Amended Complaint possessed any information in advance of the alleged assault on "A" or the alleged rape of "C" from which it could be inferred that "B" presented a substantial risk of serious harm to "A" and "C," or that either Defendant actually drew that inference. To the extent Plaintiffs may be claiming that any other child's constitutional rights were violated, there again are not sufficient facts alleged to indicate that Defendants have any potential liability.

## IV. CONCLUSION

This action will be dismissed without prejudice because Plaintiffs, as pro se non-attorneys, cannot represent their children and, in any event, they have failed to allege sufficient facts to state a claim upon which relief can be granted.

IT IS THEREFORE ORDERED:

1. The clerk of the court shall restrict access to Plaintiffs' Complaint (Filing No. 1) and Amended Complaint (Filing No. 7) to parties of record and court users.

2. This action is dismissed without prejudice.

3. Judgment shall be entered by separate document.

DATED this 18th day of December, 2017.

<span style="text-align:right">BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge</span>